UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL CLARK ET AL.,

                                        Plaintiffs,

        v.                                   6:13-CV-799

NEW YORK STATE,
GOVERNOR ANDREW CUOMO,
ATTORNEY GENERAL ERIC SCHNEIDERMAN,
ET AL.,

                                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiff Michael Clark commenced this action alleging civil rights violations under 42 U.S.C. §§ 1983 and 1985. As described by Plaintiff in his Amended Complaint, the lawsuit sought to recover damages resulting from a series of conspiracies and civil rights violations that originated with unlawful child support orders in Schenectady County Family Court.

       On January 17, 2014, the Court performed a preliminary screening of the Complaint as part of Plaintiff's application to proceed *in forma pauperis*. The Court dismissed Plaintiff's Amended Complaint for (1) lack of subject matter jurisdiction, and (2) frivolousness and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). See dkt. # 55. Finding that an appeal would be frivolous and could not be taken in good faith, the Court also concluded that Plaintiff could not proceed *in forma*

*pauperis* on appeal. Id. Plaintiff appealed this dismissal, and on June 24, 2014, the United States Court of Appeals for the Second Circuit issued a mandate dismissing the appeal. See dkt. # 67.

Presently before the Court are two motions filed by the Plaintiff. Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) and for an order directing the United States Marshals Service to serve his motion on the Defendants at no cost. See dkts. ## 71-72. For the reasons stated below, both motions will be denied.

**I.      BACKGROUND**

By way of background, Plaintiff's Amended Complaint alleged that the Schenectady Family Court entered fraudulent orders for child support and calculated arrears against Plaintiff in 2006. Am. Compl. ¶ 3. Plaintiff contended that the amount of child support demanded of him was excessive. Id. ¶ 4. Because Plaintiff did not comply with the allegedly fraudulent orders, Plaintiff was incarcerated and money was garnished from him. Id. ¶¶ 4, 13. Ultimately, Plaintiff's financial difficulties led to the termination of utility service at his residence. Id. ¶ 29. Plaintiff has spent the years since challenging the orders in many forums. See generally Am. Compl. Plaintiff alleged that every state court and agency that issued decisions regarding the challenges to his orders was corrupt. Id. In addition, he claimed that court officials in each forum perpetrated the "concealment[] and destruction[] of evidence". Id. ¶ 5. In all, Plaintiff alleged widespread conspiracies among a variety of government and private actors in the State of New York to deprive him of his rights. Plaintiff sought the "expunge[ment] . . . of decisions made in the Third Appellate (sic), Fulton County Supreme Court and Schenectady County Family Court", id. at 58, and to recover a total of $200 million in damages for "54 years of Civil Rights violations." Id. at 60.

In the instant motion for relief from judgment, the Plaintiff repeats these allegations of a years-long denial of his civil rights. See dkt. # 72. The motion for relief has appended to it hundreds of pages of court documents from the years prior to the filing of the instant Complaint. These records, Plaintiff alleges, document the improper actions of the New York courts and officers, and demonstrate why this Court's dismissal of his action was improper. Plaintiff makes no allegation that the material he provides was unavailable to him at the time he filed the Amended Complaint or that he was somehow unaware of the actions about which he now complains,[1] nor does he argue that the legal standards which compelled this Court's earlier decision have been changed.

## II. LEGAL STANDARD

Plaintiff moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). The rule lists six different bases for relief: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by the

---

[1] Plaintiff's moving papers repeatedly reference a court order supposedly issued on August 26, 2005 and cited repeatedly by the courts reviewing his various cases. Plaintiff contends that this order never existed but was nevertheless used by other courts to deny his motions and dismiss his actions. Plaintiff demands, for instance, that this Court "take Judicial Notice" of the fact of this "non-existant court order of 8/26/05, cited in the unconstitutional decision of March 1, 2006[.]" See dkt. # 71 at 4. While Plaintiff's motion is not a model of clarity, this phrasing makes clear that Plaintiff knew of the citations to this supposed order as early as 2006, long before he filed the Complaint in this matter.

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1-6). Plaintiff here relies on Rule 60(b)(6), which "'is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship.'" DeWeerth v. Baldinger, 38 F.3d 1266, 1272 (2d Cir. 1994) (quoting Matarese v. LeFevre, 801 F.2d 89, 107 (2d Cir. 1986)). Here, the Court of Appeals has already upheld the Court's dismissal of the case. Under those conditions, the district court may grant relief only if circumstances change in ways "not considered by the appellate court[.]" Id. at 1271. Such relief is not available, however, if "the doctrine of the law of the case applies to issues that have been decided either expressly or by necessary implication." Id.

### III. DISCUSSION

#### A. Rule 60(b)(6) Motion

The Court will deny the motion brought pursuant to Rule 60(b)(6). Plaintiff, despite providing a trove of evidence to the Court which allegedly documents his claims, has not presented any evidence that circumstances have changed in such a way that the Court must reopen the case in the interest of justice. Indeed, the evidence cited to the Court is essentially the record of Plaintiff's dealings with the New York courts concerning his child support obligations since the first part of the 2000s. All of that evidence was available to the Plaintiff when he filed his action, and he cannot plausibly claim that he was unaware of court actions that directly involved him and did not craft his complaint with the information in front of him.

In any case, providing an evidentiary basis for his allegations does nothing to alter the Court's decision concerning the sufficiency of the Complaint. The Court provided an initial review of the Complaint because Plaintiff sought to proceed *in forma pauperis*. Under those circumstances, the Court was required to consider the sufficiency of the claims set forth in Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), the court still has an overarching obligation to determine that a claim is not legally frivolous before permitting a plaintiff to proceed. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff paid the statutory filing fee); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915[(e)], may be based upon a defense that appears upon the face of the complaint."); Thomas v. Scully, 943 F.2d 259, 260 (2d Cir. 1991) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Moreover, the procedural posture of the case caused the Court to focus on the allegations in the Amended Complaint, not the evidence that might support those allegations. As is well known, to survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While FED. R. CIV. P. 8(a) "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." Id. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. In other words, Plaintiff's introduction of evidence that was available to him when he filed his Amended Complaint does nothing to alter the Court's conclusion that Plaintiff failed to state a claim upon which relief could be granted. That conclusion came after the Court assumed all the facts he alleged were true.

Moreover, Plaintiff has not pointed to any change in the law controlling this case. The Court dismissed the earlier action largely on the basis that Plaintiff attempted to use a federal court to dispute the judgements of New York courts in his child-support case. The *Rooker-Feldman* doctrine recognizes that, with the exception of the United States Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court

judgments. McKithen v. Brown, 481 F.3d 89, 96 (2d Cir. 2007). In the Second Circuit, there are four requirements for the application of *Rooker-Feldman*: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced. McKithen, 491 F.3d at 97. "A plaintiff may not overcome the doctrine and seek reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" Rabinowitz v. New York, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993)). The Court determined that this doctrine applied and dismissed the case for lack of subject matter jurisdiction, as well as because of the immunity enjoyed by several of the defendants and the lack of specificity for the fraud claims Plaintiff raised. Plaintiff has not pointed to some change in the conditions on this doctrine or on any of the other legal standards applied by the Court, such as a decision by the Second Circuit or the Supreme Court that revises the standards. Plaintiff simply disputes the Court's conclusions. That is not a sufficient basis to reopen the case under Rule 60(b)(6).

For the reasons stated above, the Court will deny the Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6).

### B. Motion for Service

Plaintiff also seeks an order from the Court directing the United States Marshals Service to serve his Rule 60(b) motion on the Defendants. Plaintiff contend that he has been granted leave to proceed *in forma pauperis* and is therefore entitled to assistant in serving his

papers. That motion will be denied as well. The Court has determined that the motion should be denied, and service is therefore unnecessary.

**IV.     CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Relief from Judgment, dkt. # 71, is hereby DENIED. Plaintiff's Motion for Service, dkt. # 72, is hereby DENIED.

IT IS SO ORDERED.

DATED: February 19, 2015

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge